

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2005

# Jamal v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2721

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Jamal v. Atty Gen USA" (2005). *2005 Decisions*. Paper 955.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/955

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 04-2721

MOGEB JAMAL,

Petitioner

v.

ALBERTO GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES*

*Caption amended pursuant to Rule 43(c), Fed. R. App. P.

Respondent

On Petition for Review from an Order of the
Board of Immigration Appeals
(A76-558-133)

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2005

BEFORE: FUENTES, GREENBERG and COWEN, <u>Circuit Judges</u>

(Filed: June 28, 2005)

OPINION

COWEN, Circuit Judge.

Mogeb Jamal ("Petitioner") seeks judicial review of the denial by the Board of Immigration Appeals ("BIA") of his motion to reconsider its earlier decision denying his motion to reopen removal proceedings. Because we conclude that Petitioner has failed to demonstrate that the BIA abused its discretion in denying his motion to reconsider, we will deny the Petition for Review.

I.

As we write solely for the parties, we briefly summarize the relevant background. The former Immigration and Naturalization Service ("INS")[1] issued Petitioner a Notice to Appear for removal proceedings. At a hearing before an immigration judge, Petitioner conceded removal and declined to apply for asylum, withholding of removal, or protection pursuant to the Convention Against Torture ("CAT"). He requested voluntary departure, and sought a continuance to await the result of his pending labor certification request. The immigration judge granted Petitioner's request for voluntary departure, but denied his motion for a continuance. Petitioner appealed the denial of a continuance to the BIA, which summarily affirmed the removal order pursuant to 8 C.F.R. § 1003.1(e)(4). Petitioner did not petition this Court to review the BIA's order. Instead, he filed a motion with the BIA to reopen the removal proceedings and stay the deportation

---

[1]On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice and its functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002).

order, based on changed circumstances in Yemen. He sought permission to pursue applications for asylum, withholding of removal, and relief under the CAT. The BIA denied Petitioner's motion on March 17, 2004, noting that Petitioner failed to file any applications for protection in contravention of 8 C.F.R. § 1003.2(c)(1), and that the tribal conflict that underpinned Petitioner's motion predated the commencement of his removal proceedings, *see id.* Petitioner did not seek this Court's review of this order, but submitted a motion to the BIA for reconsideration of its denial of his motion to reopen. He pointed out that the purported "changed circumstances" forming the basis for his request for reopening was not the tribal conflict itself, but rather the death of his brother resulting from this conflict, which occurred on January 19, 2004, *after* the immigration judge issued an order. Nevertheless, on May 24, 2004 the BIA denied Petitioner's motion to reconsider for two reasons: (1) Petitioner's failure to provide any evidence linking the death of his brother and the ongoing tribal conflict with any of his claims for relief; and (2) Petitioner's failure to support his motion with applications for relief and evidentiary

material as mandated by 8 C.F.R. § 1003.2(c).[2]  Petitioner timely filed a Petition for

Review of the May 24, 2004 order with this Court.

## II.

The BIA had jurisdiction in this matter under 8 C.F.R. § 1003.1(b)(3) and 1003.2,

and we have jurisdiction to review the final order of removal under section 242(a)(1) of

the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(1).  *See Chen v.*

*Ashcroft*, 376 F.3d 215, 221-22 (3d Cir. 2004).

As noted above, Petitioner never filed a Petition for Review of the BIA's March

17, 2004 decision denying his first motion to reopen, or a Petition for Review of the

BIA's January 26, 2004 order dismissing his appeal.  Accordingly, we do not have

jurisdiction to consider Petitioner's claim that the BIA abused its discretion by affirming

the immigration judge's denial of a continuance.  *See* 8 U.S.C. § 1252(b)(1) ("The

petition for review must be filed not later than 30 days after the date of the final order of

removal.");  *Stone v. INS*, 514 U.S. 386, 395 (1995) ("The filing of the reconsideration

---

[2]Although entitled, "Motion to reconsider and remand on behalf of the respondent . . . ; motion to remand and reopen for purposes of reopening removal proceeding based on article 3 of the Convention Against Torture," (App. at 18), the BIA construed Petitioner's second motion as one for reconsideration of its March 17, 2004 decision denying his first motion to reopen.  Because Petitioner's second motion, while extremely vague, appears to reargue the merits of his first motion to reopen and raises no new evidence or additional changed circumstances, we construe this motion likewise.  Indeed, Petitioner's Petition for Review characterizes this second motion exclusively as one for reconsideration.  In any event, 8 U.S.C. § 1229a(c)(6) provides that an alien may file only one motion to reopen removal proceedings, absent circumstances not implicated here.  8 U.S.C. § 1229a(c)(6), *amended on other grounds by* Real ID Act of 2005*, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005); *see also* 8 C.F.R. § 1003.2(c)(2).

motion does not toll the time to petition for review."); *id.* at 394-35.  Nor may we directly entertain the merits of the BIA's denial of Petitioner's motion to reopen.  We may, however, review whether the BIA abused its discretion in denying Petitioner's motion to reconsider.  *See Nocon v. INS*, 789 F.2d 1028, 1033 (3d Cir. 1986) (reviewing denial of a motion to reconsider for abuse of discretion).

An abuse of discretion occurs when an incorrect legal principle is applied or findings of fact are arbitrary and capricious or lacking in substantial evidence.  *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994).  We must uphold the BIA's decision unless it was "arbitrary, irrational, or contrary to law."  *Id.*; *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002).

### III.

Petitioner raises two challenges to the BIA's disposition of his motion for reconsideration.  He argues that the BIA abused its discretion by finding that he failed to prove a nexus between his claim and his brother's death in light of the record, and by failing to discuss the factual underpinnings of his torture claim.  We conclude that the BIA did not abuse its discretion in denying Petitioner's motion to reconsider the denial of his motion to reopen.

First, Petitioner disregards the BIA's additional reason for denying his motion for reconsideration; that in submitting his initial motion to reopen, Petitioner failed to comply with 8 C.F.R. § 1003.2(c)(1).  This provision requires that a motion to reopen proceedings

5

for the purpose of submitting an application for relief be accompanied by "the appropriate application for relief and all supporting documentation." *Id.* The BIA expressly noted at the outset of its March 17, 2004 denial of Petitioner's motion to reopen that Petitioner "declined to file Form I-589, application for protection of some sort in this country." (App. at 23.) Its May 24, 2004 denial of Petitioner's motion to reconsider again relied on Petitioner's failure to "support[] his motion by an application for relief and evidentiary material establishing his eligibility for such relief." (App. at 5.) Petitioner was not in compliance with the prescribed regulation. As such, it cannot be said that the BIA abused its discretion in denying his motion to reconsider the denial of his procedurally infirm motion to reopen. *See Nocon*, 789 F.2d at 1033 (holding that the BIA did not abuse its discretion in denying a motion for reconsideration where petitioners failed to comply with procedures governing motions for reconsideration). The regulations make clear that a motion to reopen may be denied even if the moving party has set forth a prima face case for relief. 8 C.F.R. § 1003.2(a).

This analysis obviates the need to consider the BIA's other reason for denying Petitioner's motion to reconsider; that he "failed to establish any nexus between his brother's recent death and his own asylum claim." (App. at 5.) Were it necessary to dispose of this Petition on this ground, however, we would arrive at the same conclusion. 8 C.F.R. § 1003.2(c) instructs that a motion to reopen shall not be granted "unless it appears to the Board that evidence sought to be offered is material and was not available .

6

. . at the former hearing." *Id.* It is not disputed that the death of Petitioner's brother in Yemen, the event upon which his motions are based, occurred after the immigration judge issued her order of removal. In observing, however, that Petitioner "failed to provide any specific information regarding the cause and circumstances of his brother's death," (app. at 5), it appears that the BIA did not consider the affidavit describing the tribal conflict and his brother's death to constitute "material" evidence warranting reopening. This is not an abuse of discretion. Petitioner's affidavit states that his tribe has been in conflict with the Al Gaithi tribe since 1999, and that he learned from a January 19, 2004 telephone call from his family in Yemen that his brother was killed in an accident along with eleven others. His relatives, the affidavit explains, warned him repeatedly not to return home as his life will be in extreme danger because of this incident. Significantly, the affidavit does not detail the circumstances surrounding the death of Petitioner's brother, and does not relate this death to the situation facing Petitioner were he to return to Yemen. Indeed, the affidavit characterizes the death of Petitioner's brother as an accident. In light of the dearth of information in this affidavit, it cannot be said that the BIA abused its discretion in denying Petitioner's motion to reconsider his motion to reopen. In short, the BIA committed no reversible errors of law or fact in denying Petitioner's motion to reconsider.[3]

_____

[3]It is worth noting that the BIA's March 17, 2004 denial of Petitioner's motion to reopen ignored the death of Petitioner's brother as the rationale supporting reopening. Instead, the BIA denied reopening in part because the tribal conflict mentioned in the affidavit was present since 1999, before Petitioner declined to file applications for relief.

IV.

For the foregoing reasons, the Petition for Review will be denied.

---

---

The BIA's failure to address the death of Petitioner's brother was an erroneous oversight. In its order denying reconsideration, however, the BIA remedied this error and correctly analyzed why the death of Petitioner's brother was an inadequate basis for reopening. Moreover, as noted, the BIA appropriately denied Petitioner's motion to reconsider for his failure to comply with the applicable procedural regulation.